UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

RAMON DELOS SANTOS,

  Plaintiff,

v.

WESTERN BEEF RETAIL, INC., AND
WESTERN BEEF OF FLORIDA, LLC

  Defendants.        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAMON DELOS SANTOS ("Plaintiff") brings this action against Defendants, WESTERN BEEF RETAIL, INC., ("WBR") and WESTERN BEEF OF FLORIDA ("WBF") (collectively referred to as "Defendants") to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA"). In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff worked for Defendants from approximately July 2011 through February 2017 serving as a receiver at the Defendants supermarket. Plaintiff earned between $14.00 and $14.60 per hour during his employment.

2. WESTERN BEEF RETAIL, INC., is a Foreign Corporation that conducts business in Broward County, Florida, which is within the jurisdiction of this Court.

3. WESTERN BEEF OF FLORIDA is a Florida Limited Liability Company that conducts business in Broward County, Florida, which is within the jurisdiction of this Court.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

4. Defendants, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that have been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum at all time material hereto.

8. At all times pertinent to this Complaint, Defendants were an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

10. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has jurisdiction over Defendants and in regard to Plaintiff in that the acts from which this lawsuit arise occurred in the Southern District of Florida.

## STATEMENT OF FACTS

11. Plaintiff worked as an hourly employee at Defendants supermarket located in Pembroke Pines, Florida from July 2011 until his employment was terminated in February 2017.

12. Plaintiff's job duties as a receiver required him to ensure products entering the supermarket were correctly labeled, to log invoices, and to distribute goods to the appropriate

Page **2** of **7**

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

departments. Plaintiff was also required to perform job duties outside of those generally performed by receivers, including cleaning the store, mopping, and sweeping.

13. Throughout most of Plaintiff's employment, he was required to work Monday through Friday from 7:00 am to 4:30 pm and on Saturday from 7:00 am to 12:00 pm. Accordingly, Plaintiff generally worked more than fifty (50) hours per week.

14. Plaintiff was also required to work through his lunch break, even though Defendants automatically deducted three (3) hours from his paycheck each week for lunch.

15. Plaintiff was supervised by the store manager.

16. In approximately February 2016, Plaintiff noticed that the hours printed on his paystubs were less than the hours he was actually working each week. For example, if Plaintiff worked fifty-two (52) hours in a given workweek, he was only paid for forty-five (45) hours of work.

17. Plaintiff eventually complained about these improper deductions to the human resources department and upper level management.

18. The Defendants then conducted an investigation into the Plaintiff's complaint and found that his supervisor, the manager of the store at which Plaintiff worked, was altering Plaintiff's time records and not paying him for all of the hours he worked. Specifically, Plaintiff's manager was requiring the Defendants' bookkeeper to alter the Kronos time records. This manager was ultimately suspended by the Defendants for his unlawful conduct, but Plaintiff never received any compensation for the hours that were unlawfully deducted by the Plaintiff's manager and Defendants' bookkeeper.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

19. Following his complaint in approximately February 2016, Plaintiff remained on a six (6) day per week schedule, but his manager significantly reduced his hours and he rarely worked overtime throughout the remainder of his employment.

20. Following the store manager's suspension, the Plaintiff requested that the manager allow him to work the same schedule as he was previously working, but such request was denied.

21. Because his hours were significantly reduced, Plaintiff also requested the manager to allow him to work fewer days (i.e. more hours per day and less days per week), but such request was also denied.

22. In sum, Plaintiff's complaint regarding the Defendants' unlawful employment practices resulted in the Plaintiff's hours being significantly reduced.

23. Moreover, the manager whom the Plaintiff complained about began making negative comments to the Plaintiff (e.g., calling him an idiot, telling him he was a nobody and stating that the owners "could not protect him.")

24. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiff for all of the hours he worked in excess of forty (40) in one or more workweeks.

25. The records, if any, concerning the number of hours actually worked and the compensation actually paid to the Plaintiff is in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of the Court to amend the Complaint for damages to set forth the precise amount due to them.

26. Defendants knew the Plaintiff was working significant overtime hours as it required him to record his time. Defendants' knowledge of the aforementioned establishes that they showed

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for all hours worked in excess of forty (40) hours per week when it knew such was due.

27. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. Plaintiff is entitled to all unpaid overtime (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

29. Plaintiff is also entitled to all damages available under Section 15(a)(3) of the FLSA.

30. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

31. Plaintiff re-alleges paragraphs 1-30 above.

32. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

33. By reason of said intention, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorneys' fees.

34. As a result of Defendants willful violation of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, RAMON DELOS SANTOS demands judgment against Defendants, WESTERN BEEF RETAIL, INC., and WESTERN BEEF OF FLORIDA, LLC for the payment of all overtime hours at one and one-half his regular rate of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## COUNT II – RETALIATION UNDER THE FLSA

35. Plaintiff re-alleges paragraphs 1-30 above.

36. In approximately February 2016, Defendants' manager significantly reduced the hours Plaintiff was scheduled to work and made threatening and harassing remarks to him based on complaints he made regarding the failure to pay him all of his overtime wages.

37. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning their retaliation against the Plaintiff.

38. By reasons of the foregoing acts of the Defendants, the Plaintiff has been damaged.

WHEREFORE, Plaintiff, RAMON DELOS SANTOS demands judgment against Defendants, WESTERN BEEF RETAIL, INC., and WESTERN BEEF OF FLORIDA, LLC for the payment of unpaid wages, liquidated damages, and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: February 22, 2017

>
> **GALLUP AUERBACH**
> 4000 Hollywood Boulevard
> Presidential Circle-Suite 265 South
> Hollywood, Florida 33021
> t: 954-894-3035
> f: 954-894-8015
> e: jauerbach@gallup-law.com
>
> By: */s/ Jacob K. Auerbach*
> JACOB K. AUERBACH
> FBN: 084003
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 22nd day of February 2017, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Jacob K. Auerbach*
Jacob K. Auerbach